UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEAN HARRIS,

   Plaintiff,

v.

TIM THOMPSON, *et al.*,

   Defendants.

Case No. C08-5305 RJB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
November 14, 2008**

  This matter comes before the Court on Defendants' motion to dismiss. Dkt. # 16. At issue is whether it was clearly established under the Due Process Clause of the Fourteenth Amendment that inmates are entitled to due process before a release plan is denied and an inmate is held beyond his earned early release date. Defendants maintain that the law was not clearly established and that they are entitled to qualified immunity. Defendants also argue that Plaintiff's claims must be dismissed because they are barred by the favorable termination doctrine, Plaintiff has failed to allege the personal participation of the Defendants, Plaintiff is not entitled to the injunctive relief he seeks, and that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law tort and contract claims.

  Plaintiff has failed to respond to Defendants' motion. Under Local Rule 7 (b)(2) failure to file papers in opposition to a motion may be deemed by the court as an admission the motion has

REPORT AND RECOMMENDATION - 1

merit.

Having reviewed the motion to dismiss and balance of the record, the Court finds that Defendants' motion should be granted because they are entitled to qualified immunity.

## I. BACKGROUND

Mr. Harris brought this 42 U.S.C. § 1983 action alleging that Defendants, employees of the Department of Corrections (DOC), the Clallam Bay Corrections Center (CBCC) and the Port Orchard Community Corrections Office (POCCO), violated his federal Fourteenth Amendment due process rights and state tort and contract rights, when they held him past his earned early release date. Dkt. # 10, pp. 1-2.[1]

Mr. Harris alleges that he should have been released to community custody on June 2, 2008. *Id*. He alleges that on or about January 25, 2008, he submitted a proposed release address to Defendant Woodhouse pursuant to state law and that on or about February 27, 2008, Defendant Thompson incorrectly denied his proposed release. *Id*. Defendants Woodhouse and Mason refused to submit his third address on or about May 20, 2008. *Id*. Mr. Harris alleges further that he remained infraction free throughout his incarceration and that despite writing letters to Defendant Vail explaining that his rights were being violated, Defendant Vail did nothing to uphold Mr. Harris's rights. *Id*.

Mr. Harris seeks compensatory damages of $10,000.00 against each defendant and wages for each day he was held past his release date. *Id*., p. 3. Mr. Harris also seeks an order directing Defendants to refrain from retaliation and ordering Defendants to release him to his second address. *Id*.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss, all material factual allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Lee v. City of Los*

---

[1]Pagination is as utilized in CM/ECF.

REPORT AND RECOMMENDATION - 2

*Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not have been initially alleged. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). While the court can liberally construe a *pro se* plaintiff's complaint, it cannot supply an essential fact that the plaintiff has failed to plead. *Pena v. Gardner*, 976 F.2d 769, 471 (9th Cir. 1992) (quoting *Ivey*, 673 F.2d at 268).

Before the Court "may dismiss a *pro se* complaint for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal," *McGuckin v. Smith,* 974 F.2d 1050, 1055 (9th Cir. 1992); unless such an amendment would be futile or subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). *See also Doe v. United States*, 58 F.3d 494 (9th Cir. 1995); *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000 (en banc) (when dismissing a complaint for failure to state a claim, the district court should grant leave to amend unless amendment would be futile).

### III. DISCUSSION

**A.     The Doctrine of Qualified Immunity**

The doctrine of qualified immunity protects "government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). While public officials are thus generally protected from civil liability under the doctrine, the defense will fail when their actions violate law that is clearly established because "a reasonably competent public official should know the law governing his conduct." *Id*. "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate

REPORT AND RECOMMENDATION - 3

the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991).

A qualified immunity analysis proceeds in two parts. First, the court must consider whether the facts "[t]aken in the light most favorable to the party asserting the injury . . . show that the [defendant's] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Second, the court must determine whether the right was clearly established at the time of the alleged violation such that a reasonable [official] in these circumstances would have understood that he was violating that right. *Saucier*, 533 U.S. at 201; *Conn*, 526 U.S. at 290; *Saucier*, 533 U.S. at 205; *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001).

A plaintiff who seeks damages for the violation of a right protected by the United States Constitution or other federal law may overcome the qualified immunity defense only by showing that the rights infringed were clearly established by federal law at the time of the conduct at issue. *Davis v. Scherer*, 468 U.S. 183 (1984); *see also Thorne v. City of El Segundo*, 802 F.2d 1131, 1138 (9th Cir. 1986). The failure of a plaintiff to show that the federal right was clearly established at the time it was infringed mandates that judgment be entered for the defendant. *Lutz v. Weld Co., School Dist. No. 6*, 784 F.2d 340 (10th Cir. 1986).

**B.     Established Law and Reasonableness of Defendants' Conduct**

Mr. Harris claims that his constitutional rights were violated when he was unlawfully detained past his earned early release date of June 2, 2008. Dkt. # 10, p. 2.

Prior to June 2008, the law stated that there was no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). State statutes or regulations, however, may independently create a due process liberty interest. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 461, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989). "[L]aws that dictate particular decisions given particular facts can create liberty interests, but laws granting a significant degree of discretion cannot." *In re Cashaw,* 123 Wash.2d 138, 866 P.2d 8, 11 (1994). Under Washington law, inmates "may" become eligible for supervised

REPORT AND RECOMMENDATION - 4

community custody in lieu of release. Wash. Rev.Code § 9.94A.728(2) (2006). The Washington statute grants a significant degree of discretion to the DOC regarding the release of such inmates. *Id.*

While Washington appellate courts have indicated that early release into community custody is a "limited" liberty interest no courts have indicated that a hearing is required if such early release is denied. *See In re Taylor,* 122 Wash.App. 880, 95 P.3d 790, 792 (2004) (an inmate has "a limited, but protected liberty interest" in good time credits); *In re Crowder,* 97 Wash.App. 598, 985 P.2d 944, 946 (1999) (no denial of due process when DOC failed to release inmate on ERT date because DOC provided suitable replacement for proposed sponsor that would have violated sentence); *In re Dutcher,* 114 Wash.App. 755, 60 P.3d 635, 640 (2002) (DOC must allow inmate to submit a community custody plan for investigation); *In re Liptrap,* 127 Wash.App. 463, 111 P.3d 1227, 1234 (2005) (DOC must consider release plans in a "timely manner").

On June 9, 2008, the Ninth Circuit held that Washington state law creates a liberty interest in an inmate's early release into community custody that is protected under the Due Process Clause of the Fourteenth Amendment and established DOC's duties to investigate and approve release addresses. *Carver v. Lehman*, 528 F.3d 659 (9th Cir. 2008). This decision was released one week after Mr. Harris's earned early release date of June 2, 2008. Dkt. # 10, p. 2.

However, on August 26, 2008, the Ninth Circuit withdrew its opinion in *Carver v. Lehman*, stating that it may not be cited as precedent by or to this court or any district court of the Ninth Circuit. *Carver v. Lehman*, 540 F.3d 1011 (9th Cir. 2008).

Thus, the law at the time of Mr. Harris's release stated that he did not have a constitutional or inherent right to be released before his sentence expired. Under the state of the law at the time he submitted his release addresses, the Defendants could deny Mr. Harris's proposed release addresses without affording him additional due process. One week after Mr. Harris's earned early release date, the Ninth Circuit established Mr. Harris's right to the additional process. *Carver*, 528 F.3d 659. Two months later, the Ninth Circuit withdrew that opinion.

REPORT AND RECOMMENDATION - 5

The foregoing illustrates that at the time the Defendants denied Mr. Harris's release addresses, Mr. Harris's federal right to due process was not clearly established. As reasonable officials in these circumstances would not have understood that their actions violated any clearly established right, they are entitled to qualified immunity.

**C.      Failure to Allege Personal Participation**

To make out a cause of action under section 1983, a plaintiff must plead that the defendants were acting under color of state law and deprived plaintiff of constitutional or federal rights. *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir.1986). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Further, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is the 'moving force of the constitutional violation.'" *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir.1989) (quoting *Thompkins v. Belt,* 828 F.2d 298, 304 (5th Cir.1987)). "The requisite causal connection can be established ... by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Redman v. County of San Diego,* 942 F.2d 1435, 1448 (9th Cir.1991) (en banc) (quoting *Johnson v. Duffy,* 588 F.2d 740, 743-44 (9th Cir.1991).

Defendants argue that Plaintiff does not allege personal participation of Defendant McKenna, Vail or Brunson.[2]

Plaintiff alleges that he submitted a proposed release address to Defendant Woodhouse pursuant to state law and that Defendant Thompson incorrectly denied that address. Dkt. # 10, p. 2. Plaintiff also alleges that Defendants Woodhouse and Mason refused to submit Plaintiff's third address and that after sending letters to Defendant Vail's office explaining that his rights were being violated, Defendant Vail breached his duty to uphold Plaintiff's rights. *Id.*  Plaintiff

---

[2]Defendant McKenna is not named in Plaintiff's Amended Complaint. Dkt. # 10.

REPORT AND RECOMMENDATION - 6

1 identifies Defendant Brunson as a party to the action, stating only that she is "the Superintendant
2 [sic] at the Clallam Bay Corrections Center." *Id.*, p. 1   Thus, a fair reading of the Complaint is
3 that Plaintiff is suing Defendant Brunson because of her supervisory position alone.

4 Based on Plaintiffs' failure to allege direct personal participation as to Defendant Brunson,
5 the undersigned would normally recommend that the Plaintiff's claims be dismissed with leave to
6 amend.  However, as Defendants are entitled to qualified immunity on Plaintiff's claims that
7 Defendants violated his federal due process rights in delaying his earned early release, leave to
8 amend would be futile and therefore, dismissal on this ground may be granted as well as to
9 Defendant Brunson.

10 **D.     Supplemental Jurisdiction/Requests for Injunctive Relief**

11 The Amended Complaint includes claims based on state law, thus invoking the
12 supplemental jurisdiction of the court.  *See* Dkt. # 10, p. 2 (state law tort and contract claim).
13 Having concluded that Defendants are entitled to qualified immunity on Plaintiff's claim that
14 Defendants violated his federal due process rights in delaying his earned early release, the Court
15 may appropriately decline to exercise its supplementary jurisdiction over a prisoner's state law
16 claims.  *McKinney v. Careyy*, 311 F.3d 1198, 1201 n. 2 (citing 28 U.S.C. § 1367(c)(3); *United*
17 *Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966); *Executive Software North America, Inc.*
18 *v. U.S. Dist. Court*, 24 F.3d 1545, 1556-57 (9th Cir. 1994)).  Accordingly, the undersigned
19 recommends that Defendants' motion to dismiss Plaintiff's state law tort and contract claims be
20 granted.

21 Defendants also argue that Plaintiff's requests for injunctive relief are moot as he is no
22 longer housed at SCCC or alternatively, that he has failed to meet the burden necessary for the
23 Court to issue an injunction. Dkt. # 16, pp. 8-11.  Plaintiff requested a declaratory judgment that
24 Defendants violated the federal Constitution and state law when they held him past his earned
25 release date, that Defendants be prohibited from retaliating against Plaintiff for bringing this
26 lawsuit, and that they be ordered to release him to his second address. Dkt. # 10, p. 3.  In light of
27 the Court's finding that Defendants are entitled to qualified immunity on Plaintiff's claim that
28 REPORT AND RECOMMENDATION - 7

Defendants violated his federal due process rights in delaying his earned early release, the Court need not reach these issues.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Defendants' motion to dismiss (Dkt. # 16) be **GRANTED.** A proposed order accompanies this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 14, 2008**, as noted in the caption.

DATED this 24th day of October, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8